IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

CARRIE E. N., )
)
    PLAINTIFF, )
)
vs. ) CASE NO. 19-CV-126-FHM
)
)
ANDREW M SAUL, Commissioner of )
Social Security, )

# OPINION AND ORDER

Plaintiff, CARRIE E. N., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination

substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance,

---

[1] Plaintiff Carrie E.N.'s applications were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Lantz McClain was held February 9, 2018. By decision dated March 27, 2018, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 7, 2019. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 40 years old on the alleged date of onset of disability and 45 years old on the date of the denial decision. She received her high school diploma and past work experience includes medical assistant. [R. 41]. Plaintiff claims to have been unable to work since March 10, 2015 due to degenerative disc disease, five bulging discs, kidney dysfunction, severe depression, post-traumatic stress disorder (PTSD), and migraines. [R. 254].

## **The ALJ's Decision**

The ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the spine status post cervical surgery, borderline obesity, depression, anxiety, and post-traumatic stress disorder (PTSD). [R. 28]. Plaintiff's medically determinable impairment of history of headaches, asthma, hypertension, and diverticulitis/gastritis are non-severe. [R. 28]. The ALJ determined that the Plaintiff has the residual functional capacity to perform light exertional work, can frequently stoop, kneel, crouch, or crawl. Plaintiff should avoid overhead work, extreme cold or heat,

2

extreme noise levels, extreme vibrations, and avoid hazards such as heights and open machinery. Plaintiff is limited to simple and repetitive tasks. [R. 30]. The ALJ determined that although Plaintiff cannot return to her past relevant work, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 36-37]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

### **Plaintiff's Allegations**

Plaintiff asserts that the ALJ erred in not resolving the conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert testimony. [Dkt. 15, p. 6].

Analysis

Plaintiff argues that a conflict exists between the DOT and the testimony of the vocational expert that the occupations of an office helper, DOT #239.567-010, 1991 WL 672232, and housekeeping cleaner, DOT #323.687.014, 1991 WL 672782, would not require overhead reaching. [Dkt. 15, p. 7; R. 64]. Plaintiff contends that the Selected Characteristics of Occupations (SCO) describes those occupations as requiring frequent reaching. The vocational expert never informed the ALJ that such a conflict existed and never explained the conflict as required by SSR 00-4p. [R. 63-65].

It is the Commissioner's position that the DOT does not describe frequent overhead reaching for either housekeeping cleaner or office helper. The Commissioner acknowledges the DOT states the job of housekeeping cleaner may include some

3

overhead work.[2]  [Dkt. 17, p. 4]. However, Plaintiff cannot show an apparent conflict between the limitation of avoiding overhead work and the DOT description for office helper. [Dkt. 17, p. 5].

The Tenth Circuit has stated that, when there is a conflict between the DOT and the testimony of a vocational expert, the ALJ "must investigate and elicit a reasonable explanation for any conflict . . . before the ALJ may rely on the expert's testimony." *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); see also SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000).  Failure to resolve the conflict is reversible error, unless the error is harmless.  *Poppa v. Astrue*, 569 F.3d 1167, 1173-74 (10th Cir. 2009); see also *Krueger v. Astrue*, 337 F. App'x 758, 761-62 (10th Cir. 2009).

There is an apparent conflict here.  The ALJ's hypothetical question stated that "[t]he person should avoid overhead work[.]"  [R. 64].  This limitation is included in Plaintiff's RFC. [R. 30].  The vocational expert identified two jobs – office helper and housekeeping cleaner.  For housekeeper cleaner, the DOT lists tasks of cleaning draperies, walls, ceilings, and replacing lightbulbs.  These activities clearly involve overhead work.  Although the ALJ did ask the vocational expert to explain any difference between her testimony and the information in the DOT prior to posing the hypothetical question, [R. 63], the vocational expert failed to identify the conflict and the ALJ did not undertake further inquiry.  Thus, the ALJ could not rely on the vocational expert's testimony as to the housekeeper cleaner.  See *Haddock*, 196 F.3d at 1092.

The second job, office helper, was identified by the vocational expert and accepted by the ALJ.  The Commissioner argues that the one remaining job which has

---

[2] ". . . [T]he DOT states that this job may include 'hang[ing] drapes.'"  [Dkt. 17, p. 4].

4

approximately 70,000 jobs nationally, exists in sufficient numbers so as to satisfy the requirements at step five. [R. 42].

The court finds that the case must be reversed because it is for the finder of fact, not the court, to determine in the first instance whether 70,000 jobs in the national economy constitutes a significant enough number of jobs to support a finding of not disabled. *See Norris v. Barnhart,* 197 Fed.Appx. 771, 777 (10th Cir. 2006)(remand appropriate where number of jobs is relatively few and it is not clear whether the ALJ found number of each job or collective number of jobs to constitute a significant number).[3]

## Conclusion

The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 23rd day of March, 2020.

<u>*Frank H. McCarthy*</u>
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[3] Where an ALJ has improperly relied on one or more, but not all, of the jobs identified by a vocational expert in a step-five determination, "the Tenth Circuit has often continued its analysis" and rejected a claimant's argument for remand if the ALJ's findings regarding the remaining occupations support the ALJ's ruling. *See Keyes-Zachary v. Colvin*, 2015 WL 65528, at *5–6 (N.D.Okla. Jan.5, 2015) (citing cases); *see, e.g., Chrismon v. Colvin*, 531 Fed. Appx 893, 899–900 (10th Cir.2013) (applying harmless-error analysis and holding that step-five "significant numbers" requirement was met where two of four occupations cited by the ALJ offered a total of 17,500 jobs regionally and 212,000 jobs nationally); *Stokes v. Astrue,* 274 Fed. Appx. 675, 684 (10th Cir. 2008)(finding ALJ's error in considering certain occupations harmless at step five where two of four occupations cited by the ALJ offered a total of 11,000 jobs regionally and 152,000 jobs nationally); *see also Rogers v. Astrue*, 312 Fed. Appx. 138, 141–42 (10th Cir.2009) (affirming where there was no error as to one of four occupations identified by ALJ and that occupation offered 11,000 jobs in the national economy). *But see Norris v. Barnhart*, 197 Fed Appx. 771, 776–77 (10th Cir.2006) (reversing on other grounds and stating, in connection with occupations totaling approximately 1500 jobs in the regional economy and 200,000 jobs in the national economy, that upon remand ALJ may need to consider the relevant factors to determine if jobs existed in "significant numbers").